## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

DONNA MARIE VOGT,

      Plaintiff,

v.                                                                 Case No. 09-CV-83

RAYMOND JAMES FINANCIAL SERVICES, INC.,
RAYMOND JAMES FINANCIAL, INC.,
TERRANCE A. BOSTIC, JOHN STEPHEN PUTNAM,
US BANCORP, EMMANUAL MAMALAKIS,
DAVID COHEN, JOHN HYLAND, GREGORY EVERTS,
and SAMUEL EDGERTON,

      Defendants.

_____

## ORDER

On January 22, 2009, plaintiff filed this action in the Green Bay Division of the Eastern District of Wisconsin. On January 27, 2009, Judge Griesbach, finding that the case had no connection to the Green Bay Division, transferred the case to the Milwaukee Division. Subsequently, on March 17, 2009, prior to any responsive pleadings from defendants, plaintiff amended her complaint. Then, on April 14, 2009, plaintiff sought to amend her complaint, yet again, by mailing the court various pages with instructions to replace portions of the amended complaint with these new pages.

Federal Rule of Civil Procedure 15(a)(1)(A) states that "[a] party may amend its pleading *once* as a matter of course: before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1)(A) (emphasis added). Given that the plaintiff has already amended her complaint once as a matter of course on March 17, 2009,

plaintiff must now seek leave of the court, or defendants' written consent, to amend her complaint again. Fed. R. Civ. P. 15(a)(2). Furthermore, plaintiff's attempt to amend her complaint piecemeal, instead of submitting an amended complaint in its entirety, is a direct violation of Civil Local Rule 15.1, which states: "Any amendment to a pleading, whether filed as a matter of course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil L.R. 15.1.

For plaintiff's benefit, the court also notes that it is aware that, as a pro se litigant, plaintiff is unable to e-file pleadings and briefs with the court. However, plaintiff should be aware that she may simply convert her electronic documents into PDF format, save them to a CD, and then mail that CD in with her paper submission whenever she submits a pleading or brief. Then the clerk's office will e-file those submissions for plaintiff. Presently, pro se plaintiffs are not required to submit pleadings and briefs in electronic format; however, failure to do so imposes an onerous burden on the court's staff; not to mention the clerk's office. Documents converted to PDF format are electronically searchable and greatly aid the court in resolving cases in a timely manner. Thus, the court strongly urges, though does not require, that plaintiff submit all future pleadings and briefs not only in paper format, but also in PDF electronically searchable format.

Accordingly,

**IT IS ORDERED** that plaintiff's filing (Docket #14), purporting to amend her Amended Complaint, be and the same is hereby **STRUCK** from the record in this case.

Dated at Milwaukee, Wisconsin, this 30th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge