# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

DONNA MARIE VOGT,

        Plaintiff,

v.                                            Case No. 09-CV-83

RAYMOND JAMES FINANCIAL SERVICES, INC.,
RAYMOND JAMES FINANCIAL, INC.,
TERRANCE A. BOSTIC, JOHN STEPHEN PUTNAM,
US BANCORP, EMMANUAL MAMALAKIS,
DAVID COHEN, JOHN HYLAND, GREGORY EVERTS,
and SAMUEL EDGERTON,

        Defendants.

_____

# ORDER

On January 22, 2009, plaintiff filed suit in this district against Raymond James Financial Services, Inc. Thereafter, the case was assigned to the Green Bay Division. On January 27, 2009, Judge William Griesbach, finding that the case had no connection to the Green Bay Division, transferred the case to the Milwaukee Division. Subsequently, on March 17, 2009, prior to any responsive pleadings from the defendant, plaintiff amended her complaint, adding various claims as well as several additional defendants. On April 14, 2009, Raymond James Financial Services, Inc., Raymond James Financial, Inc, Terrance Bostic, John Stephen Putnam and Samuel Edgerton filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). (Docket #15). On May 15, 2009, Emmanual Mamalakis ("Mamalakis") filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). (Docket

#33). On the same date, plaintiff filed a Motion for Leave to File Amended Complaint. (Docket #37).

Thereafter, plaintiff literally inundated the court (and the defendants as well) with filings, including: Motion to Amend/Correct Final Amended Complaint and Motion for Order to Require an Answer to the Final Amended Complaint (Docket #63); Motion to File Amended Complaint (Docket #82); Motion to Strike Previous Corrected Final Complaint (Docket #85); and Motion for Leave to File Final Amended Complaint (Docket #113). Further complicating matters is the fact that, through an apparent misunderstanding in the clerk of the court's office, plaintiff was provided summonses for additional prospective defendants. Though the court has at no time granted any of plaintiff's motions for leave to amend, plaintiff nonetheless served these summonses upon parties who were not named in the properly amended complaint (Docket #12), but rather were named only in the proposed amended complaint. Since these parties were not named in a complaint that has ever been properly filed (as the court has not granted leave for such filing), they should have never been served.

Given that plaintiff has filed numerous motions to amend the properly filed amended complaint, the court will treat her most recent filing as the final proposed amended complaint. Accordingly, the court will examine this final proposed amended complaint to determine if plaintiff should be allowed to amend. If justice so requires, the court will then order that the attached complaint be filed, after which plaintiff may then properly serve the defendants named therein. The court will

further proceed to evaluate whether the properly amended complaint should be dismissed pursuant to defendants' applicable motions.

**MOTION FOR LEAVE TO AMEND**

In considering whether to allow plaintiff to amend her complaint to include the various proposed additional claims and defendants, the court is guided by the premise that "[w]hile [Fed. R. Civ. P.] 15(a) states that 'leave shall be freely given when justice so requires,' the court should not allow the plaintiff to amend [her] complaint when to do so would be futile." *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Amendment is futile when the "new claim[s] . . . would not withstand a motion to dismiss." *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 974 (7th Cir. 2001). Similarly, amendment is also clearly futile when the court would not have jurisdiction over the amended complaint.

Plaintiff's proposed amended complaint (Docket #113, Exhibit 1) asserts some federal claims against certain defendants, and many different state law claims against every defendant. Plaintiff states that the court has subject matter jurisdiction over the claims within the proposed amended complaint pursuant to 28 U.S.C. §§ 1331, 1343(a), and § 1367. 28 U.S.C. § 1331 provides for federal question jurisdiction, § 1343(a) provides for jurisdiction over claims arising from a conspiracy to deprive a person of any right or privilege of citizenship, as such conspiracy is mentioned in 42 U.S.C. § 1985. 28 U.S.C. 1367 provides for supplemental jurisdiction over state law claims that are so related to the claims over which the court has original jurisdiction, so as to be part of the same case or controversy.

Plaintiff's proposed amended complaint also states that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, because the amount in controversy exceeds $75,000 and the action is between citizens of different states. However, what this assertion fails to appreciate is that several of the proposed defendants named in the proposed amended complaint are citizens of Wisconsin, as is plaintiff. "For a case to be within the diversity jurisdiction of the federal courts, diversity must be 'complete,' meaning that no plaintiff may be a citizen of the same state as any defendant." *Fidelity & Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir.1983) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Clearly, complete diversity would not exist under the proposed amended complaint, thus, the court could not have jurisdiction under the provisions found in 28 U.S.C. § 1332. Therefore, the only possible way the court could have jurisdiction over the numerous state law claims asserted within the proposed amended complaint would be if each of those state law claims were subject to supplemental jurisdiction pursuant to the claims over which the court has original jurisdiction. The two alleged bases for original jurisdiction are § 1331 and § 1343(a).

28 U.S.C. § 1331 provides federal question jurisdiction over claims arising under the laws of the United States. The only claims asserted in plaintiff's proposed amended complaint that would be subject to federal question jurisdiction are: plaintiff's claim of sex discrimination, plaintiff's claim of age discrimination, plaintiff's claim of retaliatory discrimination, and plaintiff's claim of due process violation. As

for the first three of these claims, they are clearly time-barred.[1]  Plaintiff was terminated on June 17, 2003.  (Prop. Am. Compl. at 4).  According to 42 U.S.C. § 2000e-5, plaintiff was required to file her administrative charge with the EEOC within 300 days of her firing. As defendants point out, any claim that the time-bar should not apply because defendant only later concluded that her firing may have stemmed from discriminatory animus is ultimately meritless because the action accrued at the time plaintiff discovered she was injured, not at the time she determined that the injury was unlawful.  *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267-68 (7th Cir. 1995).  Because she did not file her charge within 300 days of her termination, her discrimination claims are time-barred, hence they cannot serve as the anchor for supplemental jurisdiction over plaintiff's various state law claims.

Further, even if the discrimination claims were not time-barred, and if properly alleged, many of these claims set forth in the proposed amended complaint – specifically, the claims against:  Everts, Hyland, U.S. Bancorp, Mamalakis, Great American Advisors, Voit Investments and the Milwaukee Journal Sentinel – are not part of the same case and controversy as the federal discrimination claims.  The three federal discrimination claims allege plaintiff's employer fired her for discriminatory reasons.  Clearly the various state law claims[2] against the several additional defendants listed above – none of which were ever an employer of plaintiff

---

[1] Were they not time-barred, they would still fail, for they are woefully inadequately pled, consisting entirely of conclusory statements that do not even allege each element necessary to state a discrimination claim.

[2] Those state law claims are too many to warrant listing here, suffice it to say that they have nothing to do with whether or not plaintiff was fired for discriminatory reasons.

-5-

– would in no way "derive from a common nucleus of operative fact", *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966), as claims that plaintiff's employer fired her for discriminatory reasons.

It is clear that the discrimination claims fail to supply a basis for supplemental jurisdiction for the myriad of reasons above. Thus, in order for the court to have supplemental jurisdiction, the state law claims must be part of the case or controversy of the only other federal claim, plaintiff's due process claim. Although inartfully pled, giving the proposed amended complaint an exceedingly liberal construction, one could possibly infer a claim that plaintiff was denied the due process of law by defendant Cohen, acting in his official capacity with the Wisconsin Department of Financial Institutions, when he allegedly fabricated facts about her during a DFI investigation. This alleged violation of due process is also the only basis for plaintiff's claim that the court has jurisdiction pursuant to § 1343(a), which confers original jurisdiction upon district courts on claims based upon 42 U.S.C. § 1985, alleging a conspiracy to deprive a person of civil rights. As the due process claim is the only alleged civil rights violation the court could decipher from plaintiff's proposed amended complaint, the court is left to assume that the actions of Cohen must, therefore, underlie plaintiff's § 1985 claim. However, not only does plaintiff fail to state a § 1985 claim,[3] she also fails to state a claim for a violation of due process.

---

[3] Under § 1985(2) plaintiff must allege that two or more persons formed an agreement to inflict injury on her, and that this agreement culminated in an overt act that caused her damage. *Sampson v. Yellow Cab Co.*, 55 F. Supp. 2d 867, 869 (N.D. Ill. 1999). However, it is not enough to simply state that a conspiracy existed, as plaintiff has done, for "even a pro se litigant is required to allege something in the way of facts before [her] allegations of conspiracy may be deemed to state a claim." *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980).

To state a due process claim, a person must allege that they had a cognizable property or liberty interest, that they were deprived of that interest, and that the deprivation occurred without due process. Plaintiff has not articulated any cognizable liberty or property interest, nor has she alleged that she was deprived of any such interest. To the extent that it is possible to interpret her proposed amended complaint as alleging that Cohen's investigation deprived her of a license or the ability to participate in her previous profession, such allegation is plainly self-refuted, for plaintiff states that the NASD had already "permanently [put her] out of the business." (Prop. Am. Compl. at 31). Thus, plaintiff's due process violation claim can neither operate to grant the court original jurisdiction under § 1331, nor can it operate as the civil right of which plaintiff was deprived by a conspiracy in order to give the court jurisdiction under § 1343(a). Of course, if the claim were not deficient, and it could serve as a basis for original jurisdiction, it nonetheless could not serve as a basis for supplemental jurisdiction, because none of the state law claims derive from any of the same facts as the due process claim derives.

Because all of the federal claims fail, – and, separately but also sufficiently, because none of the federal claims derive from the same operative facts as the state law claims – the court would not have jurisdiction over the claims set forth in the proposed amended complaint. Thus, the court must deny plaintiff's motion for leave to amend. Further, because plaintiff's proposed amended complaint is unsalvageable despite numerous attempts at amending, and despite having many of its flaws being earlier pointed out to plaintiff by defendants through various filings,

it is clear that any further efforts to amend would be futile. Therefore, the court's denial shall be with prejudice.

**MOTION TO DISMISS**

Given that the court is denying, with prejudice, plaintiff's motion for leave to amend, the properly filed first amended complaint (Docket #12) is inescapably now the governing complaint in this case. As previously stated, numerous defendants have filed motions to dismiss that complaint.

Plaintiff's amended complaint also lacks complete diversity, and it also contains numerous state law claims. Thus, it will only survive if there is both original jurisdiction and supplemental jurisdiction. Similar to the proposed amended complaint, plaintiff alleges jurisdiction based on § 1331 and on § 1343(a). Her claims purporting to fall under § 1331 are the same discrimination claims that the court has already found to be time-barred. Moreover, they are insufficiently pled. Her due process claim, which would also justify § 1331 jurisdiction, and could possibly assist her conspiracy claim in order to obtain jurisdiction under § 1343(a), is – as in the proposed amended complaint – insufficiently pled. It is impossible to determine what cognizable interest she possessed, and whether or not she was in fact deprived of any interest by Cohen. Furthermore, in the proposed amended complaint, she alleged that he lied about her during proceedings (this ostensibly perhaps fulfilling the third element of pleading a due process violation), but in the amended complaint, it appears that she is saying that he lied about her to the press, though the court cannot be sure given the general incoherence that characterizes

all of plaintiff's filings. What is clear is that none of the few federal claims alleged in the amended complaint survive defendants' motions to dismiss. Thus, the court is without jurisdiction to entertain the remaining state law claims.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion for Leave to File Final Amended Complaint (Docket #113) be and the same is hereby **DENIED** with **PREJUDICE**; and

**IT IS FURTHER ORDERED** that defendants' Motions to Dismiss (Docket #'s 15, 33) be and the same are hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is herewith **DISMISSED** on the merits and together with costs as taxed by the clerk of court.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge