UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DONNA MARIE VOGT           09-CV-00083

Vs.      Plaintiff,           OBJECTION AND MOTION
                                    FEDERAL QUESTION

RAYMOND JAMES FINANCIAL INC.
RAYMOND JAMES FINANCIAL SERVICES, INC.,
TERRANCE A BOSTIC
JOHN STEPHEN PUTNAM
SAMUEL EDGERTON III
EDGERTON AND WEAVER
GREGORY EVERTS
QUARLES AND BRADY
JOHN HYLAND
HURLEY, BURISH AND STANTON, SC
U.S. BANCORP
EMMANUEL MAMALAKIS
GREAT AMERICAN ADVISORS
VOIT INVESTMENTS
DAVID COHEN
DEPARTMENT OF FINANCIAL INSTITUTIONS
JOURNAL SENTINEL
          Defendants
_____

PLAINTIFF OBJECTION TO MAGISTRATE JUDGE DETERMINATION
MOTION FOR AN AMENDED JUDGMENT
_____

Plaintiff, Donna Vogt, hereby objects to the determination received through the U S Mail the evening of August 22, 2009 and motions for an Amended Judgment. The specific objections and recommendations are forthcoming because of Plaintiff Pro Se inability to take on this task because of health reasons. Extension for two weeks requested. Grounds include: Due Process, Jurisdiction Issues, Claims not addressed, Defendants not identified, Complaint issues, Jurisdiction question. Grounds for Extension include health issues.

1. Understanding now that *generally* diversity jurisdiction needs complete diversity but when the subject matter is a federal question of due process it can be tried in this court. The enabling statute for federal question jurisdiction, 28 U.S.C. § 1331, provides that the district courts have subject-matter jurisdiction in *all* civil actions arising under the Constitution, laws, or treaties of the United States.

.      2. Under, 28 U.S.C. § 1331

"The district courts shall have original jurisdiction of *all* civil actions arising under the Constitution, laws, or treaties of the United States." [emphasis applied] Regulators, like Cohen, and Governments, like the district court as state actors have overwhelming economic power within their control; they must not deny persons their constitutional right of due process and fair procedure. Regulators and government must apply Due Process laws to all cases that come before it and must respect all of the legal rights that are owed to a person.

3. The Supreme Court has held *private citizen, like the defendant attorneys and others, to be liable as state actors when they conspire with others to deprive people of their rights.* When actors violate fundamental civil rights of private citizens they need to be accountable. Without the constitutional rights exercised, the country will become a one sided style of government where a few that have rights controlling the many that don¢t.

4. There was no fair procedure, nor due process destroying the plaintiff's right to practice a lawful trade or profession.

2

Conspiracy Against Rights

5. The Title 18, U.S.C., Section 241 statute makes it unlawful for

> two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States...

For 30 years, Vogt built a solid ethical business. When Bostic and Putnam needed a way out of their SEC problem, they used Vogt's good name and business. Bostic and Putnam said they would take care of her. This was a lie. Bostic sent Edgerton to give her advice so that she would get charged with a felony and they and the company would be hundreds of millions of dollars richer. Bostic, Putnam came to her office, shown by Bostic and Putnam affidavit, even though it was a monumental conflict of interest

6. Edgerton came to her office, pretending to represent her but in reality representing RJ for the ultimate goal of millions of dollars. Edgerton and Bostic pretended to represent her. Hyland held any future of gainful employment in his hands. Vogt faced 10 years in prison away from her young children from something that wasn't her doing. It was Edgerton's, Bostic's and Raymond James and others doing. Surely this can't be viewed as the right thing to do. Edgerton told Vogt exactly what to say word for word in the response to the DFI (Cohen). While Vogt did not want to say it that way, Edgerton insisted saying that way they [DFI] would be done with it. He told her to underline certain phrases. He told her to lie to the DFI, proven by affidavits presented.

3

The fact that California Atty. Edgerton was in Vogt's Wisconsin office, even though he has not been admitted to the Wisconsin bar, has been shown by Edgerton's affidavit. There was a good reason he was there.

7. Vogt had been cleared of all issues related to the time period with RJ and this did not sit well with RJ trying to collect in 2009, when the contract ends. *Edgerton created the means* by which the DFI could bring a charge long after Vogt left RJ and when she was with a competitor. Vogt did not have due process, she did not have the constitutional right of counsel. Even though Vogt paid Everts and Hyland, *Bostic admits controlling them in his affidavit*. Even though Vogt paid substantial amounts in E&O insurance coverage of 14 years, it was Bostic who controlled the attorneys' actions. It is impossible for Vogt to have had her constitutionally protected right to effective assistance of counsel with Bostic controlling all of her attorneys. It is impossible for Vogt to have any due process of law with Bostic controlling her counsel. This evidence constituted ineffective assistance of counsel all the way, violated Vogt's rights under the Sixth Amendment of the U.S.Constitution and created grounds for suit and appeal.

8. Regulator Cohen's actions were outrageous – Cohen devastated the defendant by these actions by forcing a felony which created an inability to have the *liberty of gainful employment*, he deprived her of her successful and ethical business in 2006, he – Cohen denied her her constitutional rights of an unbiased charge (his bias was prodding by Mamalakis), he deprived her of the liberty to choose a new occupation. Regardless of how one views qualified immunity, the doctrine persistently threatens the promise of 42 U.S.C. 1983 – "..all persons have a remedy by law when public officials deprive them

4.

of rights secured by the Constitution…" The Court must understand that after Cohen cleared her months after leaving RJ in 2003, he reopened it with the same allegations and the same information only *after* prodding by Mamalakis. *Cohen then proceeded to take her Wisconsin license away in 2006.* Then to help protect himself and his partner, Mamalakis from a lawsuit, and to appease RJ (so they could gain hundreds of millions of dollars), Cohen performed a deposition on the letter written in 2004 by Edgerton, which created the charge. There was no need to do this. This was malicious prosecution since Cohen's stated aim was to get Vogt out of the business with a felony but in reality to protect him from a suit. Cohen deprived Vogt's liberty of any hope of gainful employment by causing this felony charge even though Vogt had never had any record of any kind in her 50 years, he gave her a felony for something she did not do. Cohen has also caused the bankruptcy upon Vogt since she could not gain an alternative job with a felony on her record. This certainly is not due process.

     9. Although Vogt has substantial additional evidence, Vogt never has a chance to gain discovery. The discovery list, interrogatories, request for admissions, depositions were not even produced. Defendants are required to produce their evidence but they have not. Plaintiff has asked Defendants for information but they have refused.

     10.The Defendant's never answered the complaints, and certain defendants chose to bombard the Court and Plaintiff with motions and expedited motions in an effort to confuse the Court and the Plaintiff. RJ has been successful in this tactic as far as the Court and the Court has not answered them except for this judgment. Further evidence of withholding due process from Vogt is the fact that Docket # 97 was hidden from her and

never received by Plaintiff. Vogt did not get an email with notification like Defendants.

11 Plaintiff has shown the elements for the claims and as such cannot be dismissed with prejudice.

## Discrimination

12 Vogt reported that her audits from Raymond James were consistently õsuperiorö as also shown by affidavits and previous class action suits. Vogtøs income was consistently rising benefitting RJ. Vogt has shown that RJ was motivated to fire Vogt but for her age, which was over 40. Had she not been over 40, there would not have been a reason for firing her. As of the date of her discharge, she was a minority of a protected age, she was discharged from solicitation on or about June 13, 2003, and but for her age she would not have been chosen for discharge. These elements were included in the complaints Again her audits were õsuperiorö. The employer had puppet control over the Plaintiff Vogt during the period to January, 2008, and arguably to May of 2009, when the contract ends. She could not file before then. As the Court may recall, the issue of discrimination was first brought in bankruptcy Court in mid 2008. Title 29 Ch 14 § 621 through 634 ADEA make this discrimination unlawful.

13 RJ wrongfully terminated Vogt based her gender which is sex discrimination Vogt has shown that she is a protected class, Bostic has shown by his comments and actions his disregard for women. RJ was motivated to fire Vogt and but for Vogtøs sex, RJ would not have fired Vogt. Her RJ income, her audits were consistently õsuperiorö. Vogt had complained from 2002 notifying RJ of the practices of various male brokers.

6

Two days after a formal written complaint to the heads of RJ on June 4, 2003, certain parties at RJ flew to Wisconsin to try to find something to fire Vogt on. They could not find anything so they used what RJ told Vogt to do, as affidavits show.

The Civil Rights Act of 1964 and the Equal Pay act of 1963 were designed to protect of these abuses that Bostic, and Raymond James have violated them. RJ had control of Vogtøs actions technically until May, 2009.

Some evidence relating to the violation of due process laws, conspiracy and rights under the U.S. Constitution are illustrated in Exh C,D,E,F,G,H,I,J,M,N,S,Y,Z,AA, EE, HH, KK, NN, OO, RR, SS, TT,UU   The Defendantøs influence cannot interrupt this basic rights case that is easily provable as discovery is obtained.

## Conclusions of Law

14. Under, 28 U.S.C. § 1331

> "The district courts shall have original jurisdiction of *all* civil actions arising under the Constitution, laws, or treaties of the United States." [emphasis applied]

### Conspiracy Against Rights

The Title 18, U.S.C., Section 241 statute makes it unlawful for

> two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States...

Bostic admitted *via affidavit* to controlling Vogtøs counsel from 2003 to 2007; this *affidavit admits to* the conspiracy, which ultimately admits to putting Vogt in the worst

7.

position possible and benefitting the Defendants substantially. Edgerton, Bostic and Putnam *also admitted* through affidavits to being in Vogt's office (when it was a conflict). Other affidavits show that *Edgerton was advising* Vogt on answering the DFI in a manner in order to create a charge, Hyland told Vogt to plea no contest (even though she didn't do anything wrong) but she followed the instruction of Edgerton believing he was working for her.

15. Conspiracy against Rights, due process and discrimination are a federal jurisdiction question so this case should be tried in this Court.

16. Age Discrimination Employment Act of 1967 codified as 29 U.S.C. §621 through §634, ADEA, the Sex Discrimination and the Retaliation are all applicable as viable claims.

As illustrated federal claims do not fail and as such must be reopened and tried

Recommendations
As to Defendants

17. To lessen the burden on the Court and to streamline the case and solve most of the in state defendant issues, Vogt recommends that Defendants Gregory Everts, Quarles and Brady, Emmanuel Mamalakis, U. S. Bancorp, Journal Sentinel Inc, Great American, Voit Investments be dismissed without prejudice.

18. As shown in the complaint, each one of these defendants have committed grave illegal actions against Vogt. While Vogt does not intend to pursue immediate action against them in the State of Wisconsin Court system, Vogt should retain that right. Anything less would be depriving Vogt of her U.S. Constitutional rights. 8

19. Defendants Cohen and Defendant Hyland should be contained in this suit, because they were part of the same controversy and the same conspiracy.   Should the Court believe otherwise or for other reasons, the recommendation is to dismiss these parties without prejudice.

20. Defendants Raymond James Financial Services, Inc, Raymond James Financial Inc., Terrence Bostic, John Stephen Putnam, Samuel Edgerton, Edgerton and Weaver, who all reside or are headquartered outside of the State of Wisconsin, should be reopened and tried, as shown by the argument above.   Vogt has a small fraction of the exhibits for the Court's reference.  Should the Court, not agree, it must be dismissed without prejudice

Recommendation
As to claims

21 As to the Age Discrimination, Sex Discrimination, Retaliation Claims, Vogt understands it is past the Discrimination Statute of Limitations for the Wrongful Termination in 2003, but needs clarification as to the contract between RJ and Vogt that goes to 2009. If there is case law that states that the discrimination claims cannot be brought while still under an employment contract, Vogt recommends that the claims be dismissed without prejudice.  Also since the employer had control of the employee during the 300 day period in 2003, Vogt would not have been able to file for discrimination.  If there is no shepardized case law addressing these two issues, Vogt recommends the three discrimination claims be retained in the suit and not dismissed.

22. As to the Due Process, Procedural Due process, and Fair Procedure claims as

guaranteed by the Fifth Amendment of the U.S. Constitution "No person shall be ... deprived of life, liberty, or property, without due process of law ...." and as applied to the states under the Fourteenth Amendment's Due Process Clause. There is no doubt from the facts presented that Vogt was deprived of liberty and property and procedural due process. These basic rights are mandated by the U.S Constitution. Vogt was deprived of Due Process, Fair Procedure and Procedural Due Process since her counsel was controlled by a conflicting interest. She did not receive any form of defense. Everts was controlled by Bostic, Hyland was controlled by Bostic. Bostic created the charge and conviction. Bostic caused havoc on Vogt's business; Bostic told Hyland to plea no contest. Hyland never told Vogt of the horrible implications on her life by a conviction. But for Bostic's control Hyland would not have been deficient in his performance. Vogt's innocence was easily provable through affidavits and substantial evidence. The DFI had no proof of their false accusations. The DFI could never have pursued a charge because their stated motive was faulty. Vogt never had any criminal record, but Cohen/Bostic gave her a felony for lying. But for Bostic's control of Hyland and Hyland's acceptance of Bostic's instruction, Vogt's proceeding would have been different. Had Hyland not been deficient, and any other attorney taken the case without Bostic's control, the case would have been thrown out in the preliminary hearing of which Vogt was deprived. The Ineffective Assistance of Counsel and legal malpractice claims of the attorneys "representing" Vogt clearly showed no duty of loyalty for their client But for Bostic/Hyland's counsel, the proceedings would have been different and but for Edgerton

10.

and Bostic there would not have been a charge.

     23. As to Conflict of interest claims, Vogt was "fired" in 2003, RJ, Edgerton, Bostic, Putnam all came to Vogt's office in 2004, Bostic controlled all attorneys of Vogt's, RJ and others defamed Vogt outrageously. This cannot be tolerated and should not be dismissed as they are part of the conspiracy. If they are dismissed, it should be without prejudice.

     24. As to the Breach of Contracts claims, these clearly are viable claims as shown by the contracts and the breaches. The Defendants Raymond James, Edgerton, Putnam *signed* the contracts or closely participated in the contracts, in which Vogt was a 3rd party beneficiary breaching the other contracts that they signed or directly participated in as *proven by the contracts and affidavits*. These contracts are clearly associated with the conspiracy and the motive of Raymond James and as such they should be contained in the suit. If the Court deems they are not, they should be dismissed without prejudice.

     25 As to Defamation claim, Vogt clearly was grossly defamed, Defendant RJ, Cohen, Mamalakis, Journal Sentinel had no right to report anything that Vogt denied allegations for. If they were to report it they must not lie by saying she did not deny This must be dismissed without prejudice

     26. As to the Bad Faith claim, RJ clearly settled the claims in bad faith when they gave money to clients with Bostic and Putnam's promise to Vogt that RJ would be paying the settlements but then to do an about face and try to claim it in bankruptcy.

     27.As to the Contractural Fraud. Fraud, and Misrepresentation claim, Bostic and Putnam promised to pay for their convenient spending spree only to charge Vogt in

11.

bankruptcy.  There were so many lies that these attorneys portrayed   They must be dismissed without prejudice.

28.As to Legal Malpractice, at every turn the attorneys Bostic, Edgerton, Everts, Hyland, Mamalakis and Cohen had shown they consistently broke many rules. This was a grave injustice and cannot be tolerated.

29.As to Negligence claim, over and over again this parties showed negligence and disregard for Vogt and her business.  It must not be dismissed with prejudice.

30.As to Respondeat Superior and Vicarious Liability, the employers of these parties are liable for their employees gross negligent behavior.  The dismissed defendants must be dismissed without prejudice.

31.Defendants have not shown one piece of evidence to disprove Vogt's claim. Vogt has produced 50 pieces of initial evidence.   Defendants have not denied Vogt's claims. Gross injustices against Vogt cannot be tolerated.   Defendant Raymond James Group has produced over six (6) false exhibits to the previous court (bankruptcy) as well as many false statements omitting pertinent fact, and a false claim.   Here Defendant Raymond James Group has felt they were above the Court by breaking the pro se rules, local rules, and Fed.Rules of Civil Procedure.  They have omitted mandated text. Their motions to dismiss should have been denied.     Even though the case seems confusing to those not familiar, by eliminating many of the Defendants and claims without prejudice as recommended, it would greatly simplify the case.  Even though six of the Defendants are lawyers, the industry must be upheld with good morals and ethics, by dismissing without prejudice.

12.

Summary of Recommendations

32. Dismiss without prejudice Defendants Everts, Quarles and Brady, Hyland, Hurley-Burish, Mamalakis, U S Bank, Journal Sentinel, Voit Investments, Great American Advisors, Cohen and the DFI with all claims associated with each of these parties.

33. Reopen the suit for the out of state Defendants of Raymond James Financial, Raymond James Financial Services, Terrance Bostic, J. Stephen Putnam, Samuel Edgerton with all claims associated to them. If not reopened and tried, it must be reopend and stayed for closure of the issues presented to the bars, and issues on appeal to the State and NASD. If not stayed, it must be dismissed only without prejudice.

Recommendations

As to costs

34. Vogt, her family and her extended family have suffered great losses because of the unthinkable actions against Vogt by these defendants. In the meantime, the defendants have benefited handsomely financially to Vogt's detriment. Vogt has had to file bankruptcy because of their actions and now has no home, no car and no assets other than furniture. Vogt also has no opportunity for appropriate employment because of the actions of the Defendants.

35. The Defendant's could not hope to gain any income from Vogt, and it would

13

only be appropriate *if dismissed at all* to have each party pay their own costs as Defendant's should not object.  Vogt recommends the Defendants and Claims that are dismissed are dismissed without costs.  Respectfully submitted,

            this 2nd day of September, 2009

              s/n


            Donna Marie Vogt, pro se'

Donna Vogt
N2135 Double D
Campbellsport, WI  53010
Phone:  262-707-0946
Fax:  312-327-7643


Subscribed and sworn under Oath on this 2nd day of September, 2009
Signed


Donald Hubert Vogt, notary public   comm. Exp 4.11.10

14.

_____

## CERTIFICATE OF SERVICE
_____

I hereby certify that I have mailed a copy of this Objection, Motion this 2nd day of September, 2009

Emery K Harlan
(RJ,Edgerton, Edgerton &Weaver, Bostic, Putnam)   Randal N. Arnold (Hyland, Hurley)   Milw Journal
225 E. Michigan St 4th Fl                                             Hinshaw and Culbertson LLP          Litigation
Milwaukee, WI  53202                                              100 East Wisconsin AveSte 2600    333 W State st
                                                                  Milwaukee, WI  53202-4115           Milw,WI 53202

Greg Everts                             Nistler Law Office SC  (Mamalakis)    U S Bancorp
Quarles and Brady (Everts,Q&B)          3235 N. 124th Street               800 Nicolet Mall
33 E. Main St. #900                     Brookfield, WI  53005                 Minn,MN  55402
Madison, WI  53701

Voit Invs
12700 W. Bluemound Road
Elm Grove, WI 53122


David McFarlane, Esq(Great American Advisors ó AFG )
44 East Mifflin St.
Po box 1807
Madison, WI  53701

David Cohen and DFI
DFI
Madison, WI  53701

By ordinary U.S. Mail this 2nd Day of September, 2009
signed


_____
Donald Hubert Vogt                                              15.